*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETHANY BLOCH,

      Plaintiff-Appellant,

v

KEVIN JAMES HISZAK,

      Defendant,

and

FARM BUREAU GENERAL INSURANCE
COMPANY and SET SEG INSURANCE
SERVICES,

      Defendants-Appellees.

UNPUBLISHED
November 21, 2023

No. 362039
Monroe Circuit Court
LC No. 2019-142512-NF

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

In this action arising out of an automobile accident, plaintiff appeals as of right the trial court's order denying her motions for case-evaluation sanctions under former MCR 2.403(O) from defendants,[1] Farm Bureau General Insurance Company and SET SEG Insurance Services, and attorney fees under MCL 500.3148 from SET SEG only. We affirm.

---

[1] The collective term "defendants," will be used to refer to the two insurance companies. Defendant, Kevin James Hiszak, was dismissed with prejudice in a stipulated order after he settled for his policy limit of $20,000. Hiszak is not a party to this appeal.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff was employed as a bus driver for Bedford Township School District, which carried an automobile insurance policy under the no-fault act, MCL 500.3101 *et seq.*, with SET SEG. Plaintiff had a personal no-fault policy with Farm Bureau. Both policies included coverage for underinsured motorist (UIM) benefits. On May 28, 2019, Plaintiff was driving a school bus when defendant, Kevin James Hiszak, crashed his car into the bus. As a result, plaintiff's left clavicle was fractured and required surgery. She was unable to work at all until September 3, 2019. Between then and October 18, 2019, plaintiff was cleared to work as a door monitor for about half of her pay. Plaintiff was cleared to drive a bus again by a doctor on October 18, 2019. However, plaintiff did not return to driving a bus until February 2020 because of her inability to pass the physical examination required. She continued driving until the COVID-19 pandemic shut down the schools in March 2020. Because of the continuing pain she experienced from driving, plaintiff decided to retire rather than return to work.

Plaintiff filed a complaint for UIM benefits against SET SEG and Farm Bureau because Hiszak had only $20,000 in coverage for the third-party claim against him. Plaintiff also sued SET SEG for first-party personal protection insurance (PIP) benefits because she was injured while driving for work. In response, SET SEG contended it had not paid plaintiff any wage-loss benefits because she never submitted a claim for such and it was unclear how much she was owed. SET SEG noted plaintiff was receiving workers' compensation benefits and had returned to work in September 2019, although in a limited role. Absent a claim from plaintiff and an explanation of how much she made, what benefits she was receiving, and how much money she was requesting, SET SEG asserted it had inadequate proof of the claim or amount of the loss. As for the UIM claim, SET SEG and Farm Bureau disputed priority and apportionment of the loss.

The parties engaged in case evaluation on May 19, 2021, which resulted in the following award: "As to the PIP claim: [SET SEG] to pay plaintiff $15,000. As to the UIM claim: defendants to pay plaintiff $25,000 to be apportioned according to the policies." Plaintiff and Farm Bureau rejected the award, while SET SEG filed a conditional acceptance of it (SET SEG would have accepted the award if plaintiff accepted). Notice of the parties' decisions was provided in July 2021. Because there was not an agreement the case proceeded to trial. SET SEG and Farm Bureau stipulated Farm Bureau would pay 36.5% of any UIM benefits, while SET SEG would be responsible for the remaining 63.5%.

The jury rendered a verdict in favor of plaintiff. The jury found Hiszak was negligent, proximately caused plaintiff's injury, and was 100% at fault for the accident. The jury also found plaintiff was entitled to third-party no-fault benefits and suffered $79,500 of present and future noneconomic damages. As for the PIP benefits, the jury found plaintiff sustained an accidental bodily injury, it arose out of the use of a motor vehicle, and she suffered work loss. The jury calculated the work loss sustained by plaintiff to be $47,600. The jury was asked if any of that was overdue, the jury answered "yes," and determined plaintiff was owed $9,880 in interest.

After trial, plaintiff moved for attorney fees from SET SEG under MCL 500.3148(1), asserting SET SEG's refusal to pay PIP benefits was unreasonable. Plaintiff also moved for case-evaluation sanctions from both defendants under former MCR 2.403(O), arguing she achieved a better result than the case-evaluation award. SET SEG argued it reasonably delayed payment

because of bona fide factual disputes, so it was not liable for attorney fees under MCL 500.3148(1). Defendants both argued they were not responsible for case-evaluation sanctions because MCR 2.403 had since been amended and no longer allowed for such sanctions. Plaintiff insisted the trial court should enforce the former version of the court rule because case evaluation concluded before the amendment went into effect on January 1, 2022. The trial court agreed with defendants on both claims and denied plaintiff's motions. This appeal followed.

## II. ATTORNEY FEES UNDER MCL 500.3148(1)

Plaintiff argues the trial court clearly erred when it found SET SEG's decision to delay or deny payment of PIP benefits was reasonable. We disagree.[2]

## A. STANDARD OF REVIEW

This Court reviews de novo issues of statutory interpretation. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). In the context of MCL 500.3148, "[w]hether an insurer acted reasonably when it delayed paying a claim presents a mixed question of law and fact." *Beaumont Health v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361109); slip op at 3. " 'What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact.' " *Id*. at ___; slip op at 3, quoting *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). This Court reviews de novo questions of law, but we review findings of fact for clear error. *Moore*, 482 Mich at 516. "A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Beaumont Health*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

The trial court did not clearly err when it found SET SEG's delay or refusal to pay PIP benefits to plaintiff was reasonable, and therefore, the trial court did not err when it denied plaintiff's motion for attorney fees under MCL 500.3148(1).

The statute at issue in this case, MCL 500.3148(1), "constitutes an exception to the American rule, which provides that attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Wasenko v Auto Club Group*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361452); slip op at 3 (quotation marks and citation omitted). In relevant part, MCL 500.3148(1) states, "an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue." It

---

[2] SET SEG asserts we should decline to consider this issue, and this entire appeal, because of plaintiff's failure to provide all of the relevant transcripts. This argument has since been rendered moot by plaintiff's provision, and our acceptance, of the trial transcripts. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 483; 991 NW2d 610 (2022) (quotation marks and citation omitted). As a result, we decline to consider this argument.

is not enough, though, for the benefits to be overdue; the statute continues: "The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." MCL 500.3148(1). This provision has been "universally regarded as a 'penalty provision' designed to ensure that an insurer promptly pays its insured." *Wasenko*, ___ Mich App at ___; slip op at 3, citing *Ross*, 481 Mich at 11.

As noted, the statute "establishes two prerequisites for the award of attorney fees," the first of which is that "the benefits must be overdue[.]" *Moore*, 482 Mich at 517. When defining when a payment is overdue, our Supreme Court in *Moore*, 482 Mich at 517, referred to MCL 500.3142(2), which pertains to penalty interest and states, "benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." The penalty interest and attorney-fees provisions "create an 'axiom' under the no-fault act that insurers 'must pay PIP benefits to claimants promptly and sort out priority and reimbursement issues later.' " *Beaumont Health*, ___ Mich App at ___; slip op at 4, quoting *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 519; 968 NW2d 482 (2021). In the present case, the jury concluded SET SEG's PIP benefits payments were overdue and awarded plaintiff penalty interest under MCL 500.3142.

The second requirement for penalty attorney fees under MCL 500.3148(1) is, "in postjudgment proceedings, the trial court must find that the insurer 'unreasonably refused to pay the claim or unreasonably delayed in making proper payment.' " *Moore*, 482 Mich at 517, quoting MCL 500.3148(1). However, an award of attorney fees is not proper "when the benefits 'were reasonably in dispute, or, stated slightly differently, benefits [were] not yet overdue.' " *Slocum v Farm Bureau Gen Ins Co of Mich*, 328 Mich App 626, 643; 939 NW2d 717 (2019), quoting *Moore*, 482 Mich at 519 (alteration in *Slocum*). "[A] delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. When an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Slocum*, 328 Mich App at 643 (quotation marks and citation omitted; alteration in original).

Here, plaintiff sued SET SEG for PIP benefits in the form of attendant care, replacement services, and wage losses under the no-fault act. SET SEG paid for the replacement services and attendant care for which it received a claim and adequate documentation. Before sending the case to the jury, the trial court granted a directed verdict of no cause of action in favor of SET SEG on any remaining claims of attendant care and replacement services. With respect to plaintiff's claims for PIP benefits, then, the jury only considered wage losses.

Janet Sluiter, SET SEG's claims adjuster, testified that SET SEG did not pay any wage-loss PIP benefits to plaintiff. Sluiter provided an array of reasons why SET SEG did not do so, the first being that plaintiff never submitted a claim for wage-loss benefits. Plaintiff testified she did submit a claim for wage losses. Sluiter also claimed SET SEG did not receive adequate documentation to pay plaintiff's claim for wage losses, noting there was some confusion about how much SET SEG owed under the no-fault act because plaintiff also was receiving workers' compensation benefits. Next, Sluiter insisted SET SEG did not have sufficient evidence to determine when and if plaintiff was cleared to return to work. Plaintiff testified she was cleared to go back to work as a door monitor for half of her pay on September 3, 2019, and then cleared

to fully return to work on October 18, 2019. However, plaintiff did not drive a bus again until February 2020, because she could not pass the physical examination until then.

The jury found plaintiff was owed $47,600 in PIP benefits for wage losses. The jury also found the PIP benefits were overdue and awarded plaintiff $9,880 in penalty interest under MCL 500.3142. On the basis of this verdict, plaintiff moved the trial court for attorney fees under MCL 500.3148, asserting SET SEG's refusal to pay the PIP benefits was categorically unreasonable. The trial court denied the motion, citing a number of reasons for its decision.

The trial court did not clearly err in making its findings of fact. Taking each reason cited by the trial court in turn, the trial court initially found there was a bona fide factual dispute about whether plaintiff submitted sufficient evidence of her claims for wage loss. This is of primary importance because, as will become clear below, plaintiff's legal entitlement to a work-loss differential—if reasonable proof was received—was undisputed by SET SEG between the day of the accident and October 18, 2019. The trial court commented the situation was exacerbated by the confusing interplay between the PIP benefits, workers' compensation, and plaintiff's return to work for limited pay. The record was effectively undisputed about the fact plaintiff was out of work from the time of the accident until September 3, 2019. However, plaintiff testified she was receiving workers' compensation during that time. While plaintiff stated she provided the proper documentation to SET SEG, she did not have documentary proof of such. Further, plaintiff did not provide a specific amount for wage loss until closing argument, nor did she provide what her salary was at the time of the accident, and what amounts she was receiving from workers' compensation. Sluiter stated she never received a PIP claim, and therefore, SET SEG never performed any further investigation. Given this differing testimony and evidence, there was a dispute between the parties about whether plaintiff ever provided SET SEG with a payable claim for work-loss benefits.

This is a bona fide factual dispute as found by the trial court. Under the no-fault act, PIP benefits are "payable as loss accrues." MCL 500.3142(1). "And MCL 500.3110(4) provides that PIP 'benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred.' " *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 35; 966 NW2d 393 (2020). An insurer's duty to pay benefits in a timely manner as required by the statute arises when reasonable proof of the fact and of the amount of loss sustained is received by the insurer. *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 600; 648 NW2d 591 (2002). The court must examine the circumstances as they existed at the time the insurer made the decision, and decide whether that decision was reasonable at that time. *Brown v Home-Owners Ins Co*, 298 Mich App 678, 691; 828 NW2d 400 (2012). As discussed above, there was a factual dispute about whether plaintiff provided SET SEG with the required proof, and more specifically, the amount she believed she was owed. Because the record supported the trial court's finding of a bona fide factual dispute, it did not clearly err in finding that SET SEG's denial of wage loss benefits was reasonable. *Beaumont Health*, ___ Mich App at ___; slip op at 4.

Plaintiff argues the trial court clearly erred as to this finding because the jury concluded SET SEG's payment of PIP benefits was overdue. Plaintiff asserts that this finding by the jury necessarily entailed finding that plaintiff *did* provide reasonable proof of her claim to warrant payment under MCL 500.3142(2). While that decision is undoubtedly relevant to the dispute about

SET SEG's reasonableness in delaying payment of PIP benefits, it is not determinative. The jury was asked to settle factual disputes between the parties—whether plaintiff was owed PIP benefits, how much plaintiff was owed, and whether the benefits were overdue. The jury was not asked whether SET SEG was reasonable when it declined payment because of a perceived lack of an adequate claim filed by plaintiff. Instead, it was the trial court's duty as a fact-finder to make that decision. MCL 500.3148(1). Regardless of the jury's ultimate conclusion about the payment being overdue, and thus, that plaintiff presented adequate proof of her claim, the trial court was well supported by the record in finding SET SEG acted within reason at the time it declined to make the payments. The trial court was required to "examine the circumstances as they existed at the time the insurer made the decision, and decide whether that decision was reasonable at that time." *Brown*, 298 Mich App at 691. Simply put, at the time SET SEG made its decision not to pay plaintiff's PIP claims, it did not have the benefit of the jury's verdict settling the factual dispute. Further, "[t]he determinative question is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Slocum*, 328 Mich App at 643 (quotation marks and citation omitted). As a result, the jury's finding was not determinative of the trial court's decision. *Id*.[3]

Lastly, the trial court found there was a bona fide factual dispute regarding when or if plaintiff was able to return to work. The trial court referenced the differing medical opinions on the topic. Plaintiff does not specifically challenge the factual or legal validity of this finding by the trial court. This is likely because, as explained by our Supreme Court in the context of MCL 500.3148(1), "an insurer need not resort to a 'tie breaker' to resolve conflicting medical reports," when deciding whether to pay benefits. *Moore*, 482 Mich at 522. Because the record was clear there was a dispute about when and if plaintiff could return to work, the trial court did not commit clear error in making this finding. *Beaumont Health*, ___ Mich App at ___; slip op at 4.

Instead of challenging the trial court's finding of a factual dispute, plaintiff argues the finding was irrelevant and should not have been considered in the context of her request for attorney fees. Plaintiff argues the differing medical opinions related to plaintiff's ability to work after October 18, 2019, but not before. Plaintiff cites Sluiter's testimony that there was no dispute from SET SEG regarding plaintiff's ability to work from the time of the accident until October 18, 2019. While this is true, this argument from plaintiff misses the point of the trial court's finding in two ways. First, it was unclear from the jury's verdict regarding what actually amounted to the

---

[3] Plaintiff also argues this Court should conclude SET SEG either waived the right to request additional proof of loss or should be equitably estopped from making the argument. SET SEG is correct, though, that plaintiff waived this argument by never raising it with the trial court. "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ____; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2. We "must apply the raise or waive rule in civil cases as stated" by our Supreme Court. *Id*. at ___; slip op at 3. Plaintiff never argued SET SEG waived its opportunity to argue there was insufficient proof of loss. Moreover, plaintiff did not allege SET SEG should be equitably estopped from doing so. As a result of plaintiff's failure to raise this issue with the trial court, she has waived the issue for review by us, and we see no reason to overlook that failure. *Id*.

award of PIP benefits. The jury did not delineate the time period for which it was awarding wage-loss benefits. Therefore, the trial court correctly concluded the factual discrepancy about plaintiff's ability to return to work was relevant, because it was possible the jury's verdict pertained to the disputed time period beyond October 18, 2019. The bona fide factual dispute was an adequate ground for the trial court to conclude SET SEG's delay in paying a portion of the work loss benefits was reasonable under MCL 500.3148(1). See *Slocum*, 328 Mich App at 643.

The second reason plaintiff's argument lacks merit is related to the first—this finding by the trial court was about the time period when there was a legitimate dispute about whether plaintiff was able to work. Therefore, plaintiff's citation to the time period when her ability to return to work was undisputed is unrelated to this specific finding. Instead, and as discussed above, the trial court determined SET SEG's delay in paying the benefits during the time period when it was undisputed that plaintiff could not work was reasonable because of a lack of a claim or adequate proof of loss provided by plaintiff. As a result, plaintiff's reliance on there being a period of time when there was no dispute about her ability to work does not undermine the trial court's finding about whether it was reasonable for SET SEG to delay or refuse payment during the disputed period of time. *Id*.

In sum, there were two important periods of time in this case, before and after October 18, 2019. After October 18, 2019, the trial court did not clearly err in finding SET SEG's refusal to pay benefits was reasonable because of a bona fide factual dispute about plaintiff's ability to return to work. Before October 18, 2019, the trial court did not clearly err in finding SET SEG's refusal or delay in paying benefits was reasonable because of a bona fide factual dispute pertaining to whether plaintiff made a claim for those benefits and provided adequate proof of the amount of her loss. Because the trial court did not clearly err in concluding SET SEG acted reasonably when it denied PIP benefits during all relevant time periods, the trial court also did not err in denying plaintiff's motion for attorney fees under MCL 500.3148. See *Moore*, 482 Mich at 522; *Beaumont Health*, ___ Mich App at ___; slip op at 4.

## III. CASE-EVALUATION SANCTIONS

Plaintiff contends the trial court considered the wrong legal standards and applied the wrong version of MCR 2.403 when deciding her motion for case-evaluation sanctions. We disagree.

## A. STANDARD OF REVIEW

"A trial court's decision whether to grant case-evaluation sanctions under MCR 2.403(O) presents a question of law, which this Court reviews de novo." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "This Court reviews de novo a trial court's decision on . . . questions of . . . the construction and application of court rules." *Citizens for Higgins Lake Legal Levels v Roscommon County Bd of Comm'rs*, 341 Mich App 161, 176; 988 NW2d 841 (2022). "[H]owever, a trial court's decision whether to apply the 'interest of justice' exception" when addressing a court rule amended during litigation, "is reviewed for an abuse of discretion." *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 359371 and 359372); slip op at 4. "An abuse of discretion occurs when the decision results

-7-

in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

The trial court properly applied the amended version of MCR 2.403 and denied plaintiff's request for case-evaluation sanctions.

"The general 'American rule' is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Smith*, 481 Mich at 526 (quotation marks and citation omitted). Before a relevant amendment, which will be discussed below, our Supreme Court had "specifically authorized case-evaluation sanctions through court rule, allowing the awarding of reasonable attorney fees to promote early settlements." *Id*. at 526-527. More specifically, before being amended, MCR 2.403(O)(1) stated that if both parties rejected the case-evaluation award, "a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation." MCR 2.403(O)(1), as amended March 13, 2019, 503 Mich cxcvi. "Effective January 1, 2022, MCR 2.403 was amended and Subrule (O), the provision authorizing case evaluation sanctions, was deleted." *Centria Home Rehab*, ___ Mich App at ___; slip op at 8 n 4, citing MCR 2.403, as amended January 1, 2022, 508 Mich clxiii.

Case evaluation in this case occurred on May 19, 2021, and provided for an award of $15,000 in favor of plaintiff against SET SEG for no-fault PIP benefits, and $25,000 in favor of plaintiff against both defendants for UIM benefits. Plaintiff and Farm Bureau both rejected the case-evaluation award outright; SET SEG filed a conditional acceptance which amounted to a denial. The parties' decisions were finalized on July 21, 2021. Because of the rejections, the case proceeded. On December 2, 2021, our Supreme Court amended MCR 2.403 by removing the provision regarding case-evaluation sanctions. The new rule became effective on January 1, 2022. The present case went to trial on March 21, 2022, and the jury rendered its verdict in favor of plaintiff on March 23, 2022. The trial court entered judgment on the jury verdict on April 1, 2022. There is no dispute plaintiff outperformed the case-evaluation award under former MCR 2.403. On April 14, 2022, plaintiff moved for case-evaluation sanctions under the preamendment version of MCR 2.403. The trial court denied the motion, determining it had to apply the amended version of the court rule under relevant caselaw.

Plaintiff argues the trial court failed to appropriately consider which version of MCR 2.403 to apply in this case. The Michigan Court Rules themselves "govern their application to cases." *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 336; 602 NW2d 596 (1999), citing MCR 1.102. Specifically, MCR 1.102 states:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

"Although MCR 1.102 was originally a transitional provision for the introduction of the court rules, the same principle has been applied to subsequently adopted or amended rules." *Reitmeyer*,

237 Mich App at 337 (quotation marks, citation, and alterations omitted). "Thus, 'the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules.' " *Id*., quoting *Davis v O'Brien*, 152 Mich App 495, 500; 393 NW2d 914 (1986). "However, an injustice is not present merely because a different result would be reached under the new rules." *Reitmeyer*, 237 Mich App at 337 (quotation marks and citation omitted). A new court rule would only 'work injustice' "where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id*., quoting *Sullivan Industries, Inc v Double Seal Glass Co, Inc*, 192 Mich App 333, 355; 480 NW2d 623 (1991).

Despite citing MCR 1.102, plaintiff effectively encourages us to ignore the above caselaw in favor of applying rules regarding the retroactive application of statutory amendments. Plaintiff is incorrect. Indeed, in a recent, published decision addressing this exact issue, this Court considered MCR 1.102 and *Reitmeyer*, 237 Mich App at 337. See *RAD Constr, Inc v Davis*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 361177 and 363142) slip op at 7. ("Our Supreme Court amended MCR 2.403 and among other things eliminated Subpart (O). . . . MCR 1.102 requires applying the court rules to all pending cases. Amended court rules apply to pending actions unless there is a reason to apply the old rules. *Reitmeyer*, 237 Mich App at 337."). Consequently, we will engage in the analysis under *Reitmeyer* and MCR 1.102, not statutory construction, when deciding this issue.

As discussed above, the trial court properly applied the amended version of MCR 2.403. Plaintiff claims an injustice was done to her because she effectively had a vested right in case-evaluation sanctions before the court rule was amended. This argument miscomprehends the case-evaluation process. At the point the amended version of MCR 2.403 took effect, January 1, 2022, case-evaluation had occurred and the award had been effectively rejected by all the parties. Contrary to plaintiff's argument, any right she might have had to collect case-evaluation sanctions under the former MCR 2.403(O)(1) did not accrue until *after* she outperformed the case-evaluation award. Thus, at the time the amendment became effective, it was entirely possible plaintiff never would gain a right to collect case-evaluation sanctions. Even under the former version of the rule, plaintiff's right to case evaluation sanctions would not have vested until the jury returned its verdict, which in this case came after the rule's amendment. As a result, her argument on this ground lacks merit. An injustice is not present merely because a different result would be reached under the new rules. *Reitmeye*r, 237 Mich App at 337. The provision authorizing case evaluation sanctions having been eliminated, the trial court had no authority to sanction defendants after January 1, 2022. *RAD Constr*, ___ Mich App at ___; slip op at 8-9. Consequently, the trial court's decision in this case was not an abuse of discretion. *Centria Home Rehab*, ___ Mich App at ___; slip op at 5.

## IV. CONCLUSION

For the reasons stated above, we affirm the trial court's orders denying plaintiff's motions for attorney fees under MCL 500.3148(1) and for case-evaluation sanctions under former MCR 2.403. Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado